SCOTT P. WILSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wilson v. Commissioner
Docket No. 5125-89
United States Tax Court
T.C. Memo 1990-86; 1990 Tax Ct. Memo LEXIS 86; 58 T.C.M. (CCH) 1468; T.C.M. (RIA) 90086; February 26, 1990
Scott P. Wilson, pro se. Michael E. Fernandez-Melone, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction filed May 11, 1989. Petitioner filed an objection on June 13, 1989, and supplemental and second supplemental objections were filed on July 19, 1989. On August 15, 1989, respondent filed a response to petitioner's objections as supplemented. On August 15, 1989, petitioner filed yet a third supplemental objection and, on August 21, 1989, a response to respondent's response. On September 25, 1989, petitioner *87 filed a supplemental response. On September 29, 1989, respondent filed a further response, and on October 6, 1989, petitioner filed a response. By order dated November 27, 1989, we calendared respondent's motion for hearing at the January 16, 1990, trial session in Pasadena, California. When the case was called from the Court's calendar, petitioner and counsel for respondent appeared and were heard. By notice of deficiency dated March 9, 1988, respondent determined a deficiency in petitioner's joint 1985 Federal income tax in the amount of $ 1,450. The notice was sent by certified mail to petitioner's last known address, P.O. Box 22707, Tucson, Arizona 85734. The petition was filed with this Court on March 13, 1989, which date is 369 days after the mailing of the notice of deficiency. Petitioner did not receive the notice of deficiency, and first learned of respondent's action when collection efforts were begun. In his objections to respondent's motion and at the hearing, petitioner alleges that he did not receive the notice because the United States Postal Service failed to follow his instructions to forward mail to him where he was on temporary assignment in Simi Valley, *88 California. Petitioner claims he filed a temporary forwarding order with the Tucson Post Office on or about June 24, 1987, which was to be good for 6 months, through December 24, 1987. He states that he filed a second temporary forwarding order on December 26, 1987, effective through June 26, 1988. The orders purportedly instructed the Post Office to temporarily forward petitioner's mail to Simi Valley, California. Petitioner returned to Tucson in May 1988 and cancelled the second forwarding order. Petitioner used the forwarding orders so that he could keep his post office box in Tucson, where he planned to return. The United States Postal Service attempted to deliver the notice by placing a notice in petitioner's post office box, first on March 11, 1988, and again on March 16, 1988. The letter was not forwarded to Simi Valley, California, but on March 27, 1988, was returned to respondent bearing the stamp "Unclaimed." During a portion of 1988 petitioner was receiving other mail through forwarding to Simi Valley. Petitioner also argues that during the 90-day period after the notice of deficiency was mailed he was in contact with respondent by telephone (about collection *89 efforts concerning a prior year), and that he orally notified respondent of his new address. Petitioner alleges that this telephone contact with respondent constitutes "clear and concise notification" of the change of address and that respondent had a duty, when his notice of deficiency was returned unclaimed, to forward the notice to petitioner's new address. Mr. Joseph F. Crenshaw, Supervisor of Claims and Inquiries for the Los Angeles Post Office, testified that a forwarding order would normally be kept up to one year if requested by a customer, without closing a post office box. He also testified that a temporary forwarding order filed with the postmaster of an individual's post office of record would be posted over the customer's box, effectively closing the box during the period covered by the time limit of the forwarding order. The lack of any forwarding sticker or other markings on the envelope in which respondent's notice of deficiency was mailed indicates that there either never was a forwarding order in effect for petitioner's post office box, or that such order had expired and mail was once again being placed in petitioner's box. Petitioner does not have copies of *90 the forwarding orders. However, in support of his claims, petitioner submitted a Western Union Mailgram dated April 20, 1988, from himself to the Problem Resolution Office of the Internal Revenue Service in Ogden, Utah, complaining of a levy placed on his wages for 1984 taxes. In that Mailgram, he requests that an audit report be sent to him at the following address "P.O. Box 2207, Tucson, Arizona 85734." This appears to be a typographical error by Western Union, but we believe was intended to be "P.O. Box 22707," the Tucson address actually used by respondent for the notice of deficiency. Petitioner submitted the exhibit because the envelope in which a copy of the Mailgram was sent to petitioner shows a forwarding sticker to petitioner at P.O. Box 4320, Simi Valley, California 93063. The date at the top of the forwarding sticker is May 4, 1988. This shows that mail was being forwarded from the Tucson post office to Simi Valley, California, during the 90-day period following issuance of the notice of deficiency. Petitioner also submitted a copy of a letter from respondent to himself, addressed to the Tucson post office box, with regard to an adjustment of his income tax *91 liability for 1982. This letter is dated April 29, 1988, and was received in evidence, again to show that petitioner was in contact with the Internal Revenue Service during this period of time and that, presumably, some of his mail was being forwarded by the Tucson Post Office. The exhibits also show, however, that petitioner did not give "clear and concise notice" to the Internal Revenue Service to change his address. In fact, he continued to use the Tucson post office box address with the Internal Revenue Service throughout the period in issue, and was relying on the Post Office to forward his mail. Petitioner's reliance on , is misplaced. In that case the Internal Revenue Service received notice that the taxpayer had moved from his last known address. Here, petitioner's official address remained unchanged. The Internal Revenue Service was notified by the "Unclaimed" notation only that he had either refused or failed to pick up his statutory notice of deficiency. It is the responsibility of the taxpayer to communicate to the Commissioner a "clear and concise notification" of any change in his *92 address. . Petitioner's telephone calls and correspondence with respondent during this period, concerning collection matters and the audit of other tax years, was not clear and concise notification that petitioner wished the Internal Revenue Service to use another address. In fact, in the two examples proffered by petitioner at trial, he specifically told the Internal Revenue Service to use the Tucson, Arizona, address. Moreover, we are not convinced that petitioner has carried his burden of proving that his problem was caused by the United States Postal Service. Petitioner has shown, by Exhibit 4, that a Mailgram was forwarded to him at the Simi Valley, California, address on or after May 4, 1988. He has not shown, however, that a forwarding order was in effect on March 27, 1988, when the notice of deficiency was returned to the Internal Revenue Service unclaimed. In any event the crucial date is the date on which respondent mailed the deficiency notice. See . It is well settled that to maintain an action in this Court, there must be a *93 valid notice of deficiency and a timely filed petition. See , and , affd. without published opinion . A notice of deficiency is valid if it is mailed to the taxpayer's last known address by certified or registered mail. Section 6212(a) and (b)(1). The notice in this case was sent by certified mail to petitioner's last known address (the address petitioner used in filing his 1985, 1986, and 1987 income tax returns, and continued to use in his correspondence to the Internal Revenue Service during the period in issue). Therefore, the notice of deficiency was valid. Once a valid notice of deficiency has been issued, a petition must be filed with this Court within 90 days of the issuance of the notice. Section 6213(a). The petition in this case was filed 369 days after the notice of deficiency was issued. Therefore, the petition was not timely filed. Because respondent issued a valid notice of deficiency, and because the petition was not timely filed, this case must be dismissed for lack of jurisdiction. Accordingly, *94 respondent's motion to dismiss for lack of jurisdiction will be granted on the ground that the petition was not timely filed within the 90-day period prescribed by section 6213(a). An appropriate order will be entered.